VILLANTI, Judge.
Jose Ortiz challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and the order denying his motion for rehearing. Ortiz raised six grounds of ineffective assistance of counsel. We affirm without comment as to the denial of grounds one, two, three, four, and six, and we reverse as to ground five.
In ground five of his motion, Ortiz claims counsel rendered ineffective assistance by failing to impeach several State witnesses’ inconsistent and conflicting testimony. He specifies several inconsistencies among the testimony of four State witnesses and claims that, but for counsel’s deficient performance, the outcome of the trial would have been different. Specifically, if the jury had heard the witnesses’ conflicting and inconsistent statements, Ortiz would have been found not guilty. Despite Ortiz’s claim, the trial court summarily denied ground five and concluded Ortiz had failed to demonstrate that the trial would have resulted in a different outcome. We find that Ortiz presented a *340 facially sufficient claim of ineffective assistance of counsel; however, the trial court failed to attach any portion of the record to conclusively refute Ortiz’s claim. Accordingly, we reverse and remand. On remand, the trial court may again deny relief if it can attach portions of the record that conclusively refute the claim. To the extent that-the claim is not conclusively refuted by the record, the trial court shall conduct an evidentiary hearing to determine whether Ortiz’s counsel was ineffective for failing to impeach several witnesses.
Affirmed in part, reversed in part, and remanded.
SALCINES and WALLACE, JJ., Concur.